**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEREK WAYNE JACKSON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MS. JULIE FAULKNER, Montgomery County District Courts, MR. JOHN N. GRADEL, Montgomery County District Courts, U.S. DEPARTMENT OF THE TREASURY, Bureau of the Fiscal Service, MONTGOMERY COUNTY DISTRICT ATTORNIES (sic) OFFICES and MONTGOMERY COUNTY COURTS OF THE COMMON PLEAS** | : | **NO. 20-3547** |

**MEMORANDUM**

**Savage, J.** **October 15, 2020**

Derek Wayne Jackson, an inmate at SCI-Greene, brings this action pursuant to 42 U.S.C. § 1983 based upon alleged constitutional violations stemming from his murder conviction and subsequent imprisonment. He seeks leave to proceed *in forma pauperis*.

Because it appears that he is not capable of paying the fees to commence this civil action, we shall grant him leave to proceed *in forma pauperis*. For the following reasons, we shall dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

***Factual Allegations***

In 2006, Jackson was convicted of first-degree murder and related offenses in the Court of Common Pleas of Montgomery County, Pennsylvania, and sentenced to life

imprisonment.[1] He unsuccessfully appealed and petitioned for post-conviction relief.[2] In 2013, Jackson filed a petition for a writ of *habeas corpus* challenging his convictions. That petition is currently pending before another judge of this Court.[3]

Here, Jackson names as defendants the Montgomery County District Attorney's Office, Juliet Faulkner, John N. Gradel, the Montgomery County Court of Common Pleas, and the U.S. Department of the Treasury. He alleges that he was "wrongfully convicted of . . . first degree murder with additional charges that are also wrongfully convicted of without merit or the burden of proof."[4] He contends that he was convicted based on perjury and falsified documents.[5] Jackson seeks "immediate release from [his] criminal charges" and $1,500 for each day of wrongful incarceration.[6]

***Standard of Review***

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which means the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[1] *See Commonwealth v. Jackson*, CP-46-CR-0003616-2005 (C.P. Montgomery Co.).

[2] *See id.*

[3] *See Jackson v. Coleman*, Civ. A. No. 13-5932 (E.D. Pa.).

[4] Compl. at 3 (Doc. No. 2). We adopt the pagination supplied by the Court's CM/ECF docketing system.

[5] *Id.*

[6] *Id.* at 5.

(2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Because Jackson is proceeding *pro se*, we construe his allegations liberally. *Higgs v. Att'y Gen*., 655 F.3d 333, 339 (3d Cir. 2011).

***Discussion***

To state a claim under 42 U.S.C. § 1983, Jackson must allege facts which, if proven, would establish that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the person depriving him of that right acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Miller v. Mitchell*, 598 F.3d 139, 147 (3d Cir. 2010) (citation omitted). Accepting the facts alleged in the complaint as true and drawing all inferences from them in favor of Jackson, we conclude that he has not stated a plausible claim against the defendants.

Jackson may not request release from imprisonment in a § 1983 action based on allegations that his convictions are unconstitutional. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, because Jackson is limited to pursuing these claims in his pending *habeas* proceeding, this action must be dismissed. *See Jackson v. Coleman*, Civ. A. No. 13-5932 (E.D. Pa.).

Under *Heck v. Humphrey,* 512 U.S. 477 (1994), a plaintiff is barred from bringing a constitutional claim pursuant to 42 U.S.C. § 1983 if a judgment in his favor would demonstrate or imply the invalidity of his criminal conviction. *Id.* at 486–87; *see also Curry v. Yachera*, 835 F.3d 373, 378 (3d Cir. 2016).

In *Heck*, the Supreme Court held that to recover damages under § 1983 for false arrest or false imprisonment, a plaintiff must establish that the underlying disposition or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486–87. If granting the relief sought in the plaintiff's § 1983 complaint would necessitate finding that the state court conviction or sentence was invalid, it must be dismissed. *Id*. at 487.

To determine whether a claim is barred by *Heck,* we engage in a two-part inquiry. We first determine whether the plaintiff's conviction has been overturned or invalidated. *Id.* at 486–87. If so, the inquiry ends and the claim is not barred. If not, we ask "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If it would, the claim is barred.

Because his conviction has not been reversed, vacated, or otherwise invalidated, Jackson may not pursue his damages claim for unconstitutional imprisonment because success would necessarily imply the invalidity of his convictions. Thus, the *Heck* doctrine bars Jackson's § 1983 claims.

Jackson also brings suit against the prosecutors in his case. A prosecutor enjoys absolute immunity from liability for actions taken in connection with judicial proceedings. *Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008) (citations omitted), *aff'd sub. nom.*, *Schneyder v. Smith*, 653 F.3d 313 (3d Cir. 2011). This generally means activities conducted in court, such as presenting evidence or legal arguments. *Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

Prosecutorial activities outside the courtroom receive the same protection only if they are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler*, 424 U.S. at 430).

Absolute immunity from § 1983 claims attaches to the prosecutor's decision to initiate a prosecution. *Id.* (citing *Imbler*, 424 U.S. at 424). Administrative or investigative actions, on the other hand, are only protected by qualified immunity, *id*. at 342 (citing *Imbler*, 424 U.S. at 431, n. 33), unless the actions "relate directly to the conduct of a criminal trial." *Schneyder*, 653 F.3d at 334 (citing *Van de Kamp*, 555 U.S. at 344). A prosecutor's behavior that is totally unrelated to the prosecutorial role or exceeds the scope of his authority is similarly unprotected by absolute immunity. *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3d Cir. 1992) (citing *Rose v. Bartle*, 871 F.2d 331, 346 (3d Cir. 1989)).

In determining whether the prosecutor is entitled to absolute immunity, we take into account what function the prosecutor was performing. *Van de Kamp,* 555 U.S. at 342 (citation omitted). This inquiry requires us to analyze the conduct forming the basis for the plaintiff's cause of action. *Schneyder*, 653 F.3d at 332 (citation omitted). Although the Third Circuit has "rejected bright-line rules that would treat the timing of the prosecutor's action (*e.g.* pre- or post-indictment), or its location (*i.e.* in- or out-of-court), as dispositive," *Odd*, 538 F.3d at 210, certain actions clearly serve the prosecutorial function, entitling the prosecutor to absolute immunity.

Jackson complains about the prosecutor's conduct at his trial. Thus, Jackson's claims against the prosecutor must be dismissed.

Jackson has not stated any basis for municipal liability against the Montgomery County District Attorney's Office, *see Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978), nor has he explained how the U.S. Department of the Treasury could be held legally responsible for his conviction and imprisonment. Hence, his claims against the District Attorney's Office and the Department of the Treasury must be dismissed.

**Conclusion**

We shall grant Jackson leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Jackson will not be given leave to file an amended complaint because he cannot cure the defects in his complaint.